FILED

2008 JUL 30  PM 3: 32

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

Joel R. Bennett (SBN 42162)
joelrbennett@yahoo.com
DISNER LAW CORPORATION
5455 Wilshire Boulevard, Suite 1800
Los Angeles, CA 90036
Tel: (323) 938-6053
Fax: (323) 938-6359

Attorneys for Plaintiff,
Amit Bhattacharjee

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

AMIT BHATTACHARJEE,
an individual,

        Plaintiff,

    v.

GETTY IMAGES, INC.,
a Delaware corporation;
PRUDENTIAL INSURANCE
COMPANY OF AMERICA,
a New Jersey corporation;
and DOES 1 through 10,

        Defendants.

Case No. CV08-05007 RGK PJWx

COMPLAINT FOR:
1. CALIFORNIA CIVIL CODE
   SECTION 3344, APPROPRIATION
   OF LIKENESS;
2. COMMON LAW UNAUTHORIZED
   APPROPRIATION OF LIKENESS;
3. UNJUST ENRICHMENT;
4. FRAUD --FRAUDULENT
   MISREPRESENTATION;
5. NEGLIGENT
   MISREPRESENTATION;
6. NEGLIGENCE;
7. CAL. BUS. & PROFS. CODE
   §§ 17200 ET SEQ.;
8. INTENTIONAL INFLICTION OF
   EMOTIONAL DISTRESS;
9. NEGLIGENT INFLICTION OF
   EMOTIONAL DISTRESS.

JURY TRIAL DEMANDED

COMPLAINT
22004_11

Comes now Amit Bhattacharjee and alleges as follows:

## The Parties and Jurisdiction

1.     Plaintiff is an individual and a resident of Pennsylvania.  Plaintiff brings this action in the Central District of California because significant unlawful acts occurred here, in violation of California Law.

2.     On information and belief, the defendant Getty Images, Inc. ("Getty Images") is a Delaware corporation, headquartered in the State of Washington, registered to do business in California and is presently doing, and has itself done on-going, continuous and substantial business in California, and has maintained and continues to maintain significant contacts within this State.

3.     On information and belief, the defendant Getty Images is the parent company of or operates at least in part through the name Punchstock or an entity controlled by Getty Images using the Punchstock name, which it is presently doing, and has itself engaged in on-going, continuous and substantial business on the internet, and has maintained and continues to maintain significant contacts within this State.

4.     On information and belief, the defendant Prudential Insurance Company of America ("Prudential") is a New Jersey corporation, headquartered in New Jersey, registered to do business in California and is presently doing, and has itself done on-going, continuous and substantial business in California and has maintained and continues to maintain significant contacts within this State,. The acts of Defendant Prudential in California include, but are not limited to posting of billboards with Plaintiff's likeness in advertisements for Prudential in multiple locations throughout California.

5.     This Court possesses original jurisdiction of this action under 28 U.S.C. § 1332 because there is complete diversity among the parties and the amount in controversy exceeds $75,000.

6.     Venue is proper in the Central District of California because Defendants have committed acts violative of California Civil Code § 3344 within this district.

7.     The true names and capacities of the defendants named here as DOES 1 through 10, inclusive, whether individual, corporate associate or otherwise, are unknown to the Plaintiff at this time, and at such time as the same are ascertained, Plaintiff prays leave to amend his complaint to more particularly allege such true names and capacities.

8.     All the defendant corporations are hereafter referred to collectively as "Defendants."

9.     At all times herein mentioned each of the Defendants was the agent, partner, employee, servant, subsidiary, either wholly owned or in part, of each of the other defendants, including specifically, without limitation, the fictitiously names defendants, and as to agency, service and employment, and parent/subsidiary relationship was at all times fully aware of the actions herein empowered by the parent, or subsidiary, as applicable.  As such, each of the named Defendants is jointly and severely liable for the actions of the other.

## Factual Allegations Common to All Claims for Relief:

10.     At a time unknown to the Plaintiff, Plaintiff was walking near Trinity Church in the Wall Street neighborhood of New York City. Trinity Church is an historic site built in 1846, listed on the National Register of Historic Places and a popular tourist attraction that is frequently photographed. An individual approached Plaintiff and asked him if he could take a few photographs of Plaintiff standing near and/or against the walls of Trinity Church. The individual was by himself not accompanied by any others and did not identify himself nor did he explain to Plaintiff the reason for taking Plaintiff's picture.

COMPLAINT                                        3
22004_11

11.    Accordingly, believing that the individual was simply taking pictures of Plaintiff for the photographer's non-commercial personal artistic use, on that basis Plaintiff agreed to have the individual take a few pictures of him.

12.    On information and belief, unbeknownst to Plaintiff, the individual who took Plaintiff's photograph was an agent, employee, partner and/or an independent contractor under the direction and control of Getty Images or of an entity in Getty Images' control.

13.    On information and belief, the photographer taking the photograph under the auspices of Defendant Getty Images maliciously, intentionally and negligently failed to disclose to Plaintiff that the photographs would be used for Getty Images' commercial use and licensees thereof.  The photographer did not mention, did not ask for and did not obtain the consent of Plaintiff to use his likeness for commercial purposes, either orally or in writing.

14.    On information and belief, no other person from Getty Images appeared to be present and no other person disclosed the true purpose of the photographs nor asked for or obtained any consent or release from Plaintiff.

15.    Plaintiff relied on the incomplete communication and misrepresentation, in consenting to what he thought were photographs for non-commercial personal artistic use.

16.    Without authorization, Getty Images or a partner, agent or entity within Getty Images' direction and control offered Plaintiff's photographs on an internet website Punchstock.com as Punchstock Image Numbers 56974055, 56974071, 56974082, and 56974092, for the express purpose of offering and licensing the photographs to others in California and the nation.  It was the intention of Defendants and foreseeable that a purchaser would license the photographs and use one or more photographs of Plaintiff for commercial purposes in California and the United States as a direct and proximate result of the Defendants' actions.

COMPLAINT                                          4
22004_11

17.   Prudential did in fact obtain from Punchstock Plaintiff's photograph, Punchstock Number 56974055 and licensed it so Prudential could use it for commercial purposes.  The photographs of Plaintiff as provided by Getty Images and as offered on the internet on Punchstock.com are attached hereto as Exhibit A.

18.   Plaintiff discovered that his likeness was being used by Prudential.

19.   Plaintiff discussed the matter with counsel who contacted Prudential to determine how and where Prudential obtained the photograph of Plaintiff.

20.   Prudential explained that they had licensed it from Punchstock.com and referred the matter to Getty Images, which controls Punchstock.

21.   When Getty was confronted with Plaintiff's photograph, it lied to Plaintiff's counsel, first insisting that the person in the photograph was one of its models and sent additional poses of the same person, i.e. the Plaintiff.

22.   When Plaintiff sent photographs of himself in the same clothes as in the Punchstock photographs to demonstrate that the Punchstock photographs in fact were of Plaintiff, Getty Images turned the matter over to outside counsel.

23.   After a time lag, Getty Images then falsely claimed that it had a form executed by Plaintiff, authorizing the use of his likeness.

24.   On information and belief, in the absence of actual consent from Plaintiff, Getty Images directly or through its agents, or persons or entities under its direction and control, created a phony consent form to attach to the photographs of Plaintiff.

25.   Despite the actual facts known by Defendants, they maliciously, willfully and falsely claimed that Plaintiff had created and had executed the form.

26.   Even after Plaintiff voluntarily sent a handwriting sample to demonstrate that he was not the author of the bogus form, Defendants did not

COMPLAINT                                          5
22004_11

1    correct their assertion and through counsel, attempted to intimidate Plaintiff by

2    threatening to "investigate" Plaintiff.

3        27.    By virtue of the acts of Getty Images and Prudential, Defendants

4    caused, undertook and facilitated the unauthorized commercial use of Plaintiff's

5    likeness and the other unlawful acts alleged herein.

6        28.    On information and belief, Defendants' unauthorized use includes,

7    but is not limited to print medium and billboards (hereinafter collectively

8    referred to as the "Use.").

9        29.    When the totality of Defendants' Use has been learned, the Plaintiff

10   will seek leave to amend this Complaint to more particularly itemize the same.

11       30.    On information and belief, Prudential proceeded to knowingly use

12   the likeness of Plaintiff as the centerpiece of an advertising campaign aimed at

13   recruiting new financial associates to Prudential's Financial Services Associates'

14   Program and enhancing the image of Prudential.  On information and belief,

15   Prudential's advertising campaign utilizing Plaintiff's likeness includes but is

16   not limited to nationwide Use, including but not limited to print media and

17   billboard advertising and promotion.

18       31.    On information and belief, Defendants have knowingly used the

19   picture, photograph and likeness ("Likeness" collectively hereinafter) of the

20   Plaintiff on Defendants' advertising and promotion of Prudential's prestigious

21   Associates' Program without the prior consent of Plaintiff. With respect to such

22   advertising, Plaintiff's image dominated Prudential's advertisements, occupying

23   virtually half of the entire advertisement in at least some instances.  An example

24   of one of the Uses of Plaintiff's likeliness is attached hereto as Exhibit B.

25       32.    The use of the Plaintiff's Likeness is, was, and continues to the

26   present day (on information and belief) to be used by Defendants for

27   commercial purposes, and his likeness has long since become and continues to

28   be an integral part of the image of Prudential Insurance.  On information and

belief, by adopting Plaintiff's likeness as the image of Prudential and of the Prudential Associate, Plaintiff's likeness is or became of significant commercial value.

33. On information and belief Defendants have utilized Plaintiff's Likeness on billboards located in the Central District of California and throughout the State of California, as well as in brochures disseminated widely throughout the United States.

34. Defendants have conceded that the Likeness Used as alleged herein is in fact of Plaintiff.

### FIRST CLAIM FOR RELIEF

### (California Civil Code Section 3344

### Appropriation of Likeness – Against All Defendants)

35. Plaintiff incorporates by reference and re-alleges the allegations in paragraphs 1 through 34 as though set forth here in full.

36. The unauthorized Use of Plaintiff's Likeness has been, and may continue to be violative of California Civil Code Section 3344.

37. On information and belief, Defendants knowingly featured Plaintiff's likeness as Prudential's brand and public image, without his consent, by using his likeness as at least half of the page or billboard promoting the Prudential Associates Program advertising and promotional materials. This campaign thus became a significant aspect of Prudential's public image.

38. At no time prior to the commencement of the knowing Use of Plaintiff's Likeness by Defendants did Defendants advise Plaintiff that they intended to, would, or in fact were using his Likeness for commercial use, nor did Defendants obtain the consent of Plaintiff. The consent of Plaintiff was, and is, required for all such Uses.

39. On information and belief, Plaintiff's Likeness provides Defendants' significant commercial value. Plaintiff is a racially ambiguous,

COMPLAINT
22004_11

7

1   handsome, intelligent student, whose image served to create a distinct, premier

2   and valuable racially-accepting image for Prudential, attracting top associates as

3   desired by Prudential and enhancing Prudential's goodwill.

4        40.   Having created the Image of Prudential by featuring Plaintiff's

5   likeness in a long standing nationwide campaign, Defendants are estopped to

6   deny the significant commercial value they obviously believed that Plaintiff's

7   Likeness would provide them.

8        41.   The conduct and actions of Defendants has been malicious, willful,

9   wrongful, intentional, and without any right or entitlement whatsoever.  The

10  unauthorized commercial Use of Plaintiff's Likeness was the foreseeable,

11  intended result of Defendants' actions.

12       *42.*   As a direct, proximate and foreseeable result of Defendants'

13  conduct alleged herein, Plaintiff has been injured in his business and

14  professional credibility and opportunities, and has suffered emotional distress,

15  worry, and discomfort as a result of the Defendant's Use of his Likeness.

16  Furthermore, Plaintiff has been deprived of the compensation that would have

17  been due a professional model who served to enhance and create the Prudential

18  Image nationwide as his likeness has been used and has achieved for Prudential.

19  On information and belief, he has become associated with Prudential and may

20  be limited in his future business and professional opportunities.

21       43.   In addition to damages, Plaintiff is entitled to recover from the

22  Defendants, the commercial value they inherently attributed to Use of Plaintiff's

23  Likeness and to any benefit and profits derived from the unauthorized Use of

24  Plaintiff's Likeness.  The Use of Plaintiff's Likeness as the image of Prudential

25  and of the Prudential Associates Program has become, and is, an integral part of

26  the brand image itself, which cannot be reasonably separated from the brand.

27  Plaintiff has generated and enhanced the "goodwill" of Prudential and its

28  program.  Accordingly, the expenditures that Defendants made in the advertising

COMPLAINT                                    8
22004_11

and promotional campaign featuring Plaintiff's Likeness indicate the commercial value attributed to Plaintiff's likeness.  Any success of the advertising and promotion in obtaining top personnel or racially diverse personal and profits resulting from their work are derived from the unauthorized Use of Plaintiff's Likeness.

44.     Plaintiff is entitled to compensation for the commercial value of the use of his Likeness, both for the period of use prior to the filing of this Complaint and so long as Defendant continues to use it hereafter.  Plaintiff is uncertain as to the amount of compensation to which he is entitled, and he will not be able to determine the same until he has learned more about the extent of the advertising campaign on which his Likeness appears, both in time and geographic scope and the investment made by Defendants in carrying out this campaign.  At such time that the same is ascertained Plaintiff will seek leave to amend his Complaint to more particularly itemize the same.

45.     As Defendants' conduct is willful and malicious, Plaintiff is entitled to punitive damages, according to proof.

46.     Plaintiff is also entitled to an award of attorneys' fees and costs in accordance with California Civil Code Section 3344.

## SECOND CLAIM FOR RELIEF

### (Common Law Unauthorized Appropriation of Likeness

### – Against All Defendants)

47.     Plaintiff incorporates by reference and re-alleges the allegations in paragraphs 1 through 46 as though set forth here in full.

48.     The unauthorized Use of Plaintiff's Likeness has been, and may continue to be violative of California common law.

49.     As alleged more fully in paragraphs 1 through 45 herein, Defendants knowingly used Plaintiff's Likeness for commercial purposes without his consent.

COMPLAINT                                              9
22004_11

50.     As a direct, proximate and foreseeable result of Defendants'
conduct alleged herein, Plaintiff has suffered emotional distress, worry, and
discomfort as a result of the Defendant's Use of his Likeness.  Furthermore,
Plaintiff has been deprived of the compensation that would have been due a
professional model who served to enhance and create the Prudential Image
nationwide as his likeness has been used and has achieved for Prudential.
Furthermore, on information and belief, he has become associated with
Prudential and may be limited in his future business and professional
opportunities.

51.     In addition to damages, Plaintiff is entitled to recover from the
Defendants, the commercial value they inherently attributed to Use of Plaintiff's
Likeness and to any benefit and profits derived from the unauthorized Use of
Plaintiff's Likeness.  The Use of Plaintiff's Likeness as the image of Prudential
and of the Prudential Associates Program has become, and is, an integral part of
the brand image itself, which cannot be reasonably separated from the brand.
Accordingly, the expenditures that Defendants made in the advertising and
promotional campaign featuring Plaintiff's Likeness indicate the commercial
value attributed to Plaintiff's likeness.  Any success of the advertising and
promotion in obtaining top personnel or racially diverse personal and profits
resulting from their work are derived from the unauthorized Use of Plaintiff's
Likeness.

52.     As Defendants' conduct is willful and malicious, Plaintiff is
entitled to punitive damages, according to proof.

### THIRD CLAIM FOR RELIEF

### (Unjust Enrichment – Against All Defendants

53.     Plaintiff incorporates by reference and re-alleges the allegations in
paragraphs 1 through 52 as though set forth here in full.

COMPLAINT                                        10
22004_11

54.    On information and belief, Defendants featured Plaintiff's likeness as the Image of Prudential, by using his likeness as at least half of the page or billboard promoting the Prudential Associates Program and in other advertising and promotional materials.

55.    Plaintiff is a racially ambiguous, handsome, intelligent student, whose image served to create a distinct, premier and valuable racially-accepting image for Prudential, attracting top associates as desired by Prudential.

56.    By reason of their practice of using Plaintiff's Likeness, without Plaintiff's prior consent and without compensating Plaintiff in order to create the nationally utilized image of Prudential and of the Prudential Associate and generate valuable "goodwill" for the brand image, which was created with Plaintiff's likeness as the face of Prudential, and to advertise and promote its Associates Program, Defendants have been unjustly enriched in an amount presently unknown, but which will be proved at trial.

57.    Having created the Image of Prudential by featuring Plaintiff's likeness in a nationwide long standing campaign, Defendants are estopped to deny the significant commercial value they obviously believed that Plaintiff's Likeness would provide them.

58.    On information and belief, the value by which Defendants have been unjustly enriched is reflected in the value they placed on the advertising and promoting that used Plaintiff's likeness.  Defendants have been further unjustly enriched by the profits generated by the associates attracted to Prudential by the advertising and promotions Using Plaintiff's Likeness. Plaintiff is entitled to some percentage of that investment and to profits earned by Associates recruited by use of Plaintiff's likeness.  Plaintiff is also entitled to the value of the goodwill generated by use of his likeness in creating the racially accepting and stimulating image of Prudential.

# FOURTH CLAIM FOR RELIEF

## (Fraud --Fraudulent Misrepresentation – Against Getty Images)

59.   Plaintiff incorporates by reference and re-alleges the allegations in paragraphs 1 through 58 as though set forth here in full.

60.   On information and belief, the individual who photographed Plaintiff was an agent, partner, under the employment, contract, direction or control of Defendant Getty Images at all times relevant to the conduct at issue in this case.

61.   On information and belief, Defendant Getty Images knew that it needed consent to use Plaintiff's likeness for commercial purposes.

62.   On information and belief, Getty Images knew the true purpose for photographing Plaintiff.  Nonetheless, Getty Images maliciously and intentionally misrepresented the purpose of the photographs to Plaintiff, by failing to fully disclose the relevant information, including the affiliation of the photographer and the intent to offer the photographs for commercial purposes.

63.   On information and belief, Getty Images intended that Plaintiff rely on the misrepresentation.

64.   Plaintiff did rely on the misrepresentation and consented to photographs only for non-commercial personal artistic use.

65.   Without authorization, Getty Images or an agent or entity within its direction and control offered Plaintiff's photographs on an internet website Punchstock.com as Punchstock Image Numbers 56974055, 56974071, 56974082, and 56974092, for the express purpose of offering and licensing the photographs to others in California and the nation.  It was the intention of Defendants and foreseeable that a purchaser would license the photographs and use one or more photographs of Plaintiff for commercial purposes in California and the United States as a direct and proximate result of the Defendants' actions.

66.     Prudential did in fact obtain from Punchstock Plaintiff's photograph, Punchstock Number 56974055 and licensed it so Prudential could use it for commercial purposes.

67.     On information and belief, in the absence of actual consent from Plaintiff, Getty Images directly or through its agents, or persons or entities under its direction and control, created a phony consent form to attach to the photographs of Plaintiff.

68.     Despite the actual facts known by Defendants, they maliciously, willfully, falsely claimed that Plaintiff had created the form.

69.     Even after Plaintiff voluntarily sent a handwriting sample to demonstrate that he was not the author of the bogus form, Defendants did not correct their assertion and through their counsel attempted to intimidate Plaintiff by threatening to "investigate" Plaintiff.

70.     As a direct, proximate and foreseeable result of Getty Images' misrepresentation and breach of duty, Plaintiff's likeness has been used for commercial purposes without his consent and he has been injured thereby.

71.     The false, malicious and willful misrepresentations caused emotional distress to Plaintiff and on information and belief, have caused and will cause damage to Plaintiff's business and professional opportunities as alleged herein.

72.     Plaintiff is entitled to damages in an amount not yet determined, but including an amount commensurate with the value of the commercial use of his Likeness and other damages according to proof.

73.     In addition, because of Defendant's fraudulent, willful and malicious conduct, Plaintiff is entitled to punitive damages according to proof.

///

///

# FIFTH CLAIM FOR RELIEF

## (Negligent Misrepresentation – Against Getty Images)

74.    Plaintiff incorporates by reference and re-alleges the allegations in paragraphs 1 through 73 as though set forth here in full.

75.    On information and belief, the individual who photographed Plaintiff was an agent, partner, under the employment, contract, direction or control of Defendant Getty Images at all times relevant to the conduct at issue in this case.

76.    In seeking and obtaining photographs of Plaintiff, Getty Images owed a duty to Plaintiff to disclose the true intended purpose of the photographs of Plaintiff and further owed a duty not to infringe Plaintiff's right of publicity and not to cause others to infringe that right.

77.    On information and belief, Defendant Getty Images knew that it needed consent to use Plaintiff's likeness for commercial purposes.

78.    On information and belief, Getty Images knew the true purpose for photographing Plaintiff.  Nonetheless Getty Images negligently misrepresented the purpose of the photographs to Plaintiff, by failing to fully disclose the relevant information, including the affiliation of the photographer and the intent to offer the photographs for commercial purposes.

79.    On information and belief, Getty Images intended that Plaintiff rely on the misrepresentations.

80.    Plaintiff did rely on the misrepresentation and consented to photographs only for non-commercial personal artistic use.

81.    The intended and foreseeable consequences of Defendants' actions were that without authorization, Getty Images or an agent or entity within its direction and control offered Plaintiff's photographs on an internet website Punchstock.com as Punchstock Image Numbers 56974055, 56974071, 56974082, and 56974092, for the express purpose of offering and licensing the

photographs to others in California and the nation.  It was the further intention of Defendants and foreseeable that a purchaser would license the photographs and use one or more photographs of Plaintiff for commercial purposes in California and the United States as a direct and proximate result of the Defendants' actions.

82.    Prudential did in fact obtain from Punchstock Plaintiff's photograph, Punchstock Number 56974055 and licensed it so Prudential could use it for commercial purposes.

83.    As a direct, proximate and foreseeable result of Getty Images' misrepresentation, Plaintiff's likeness has been used for commercial purposes without his consent and he has been injured thereby.

84.    The negligent misrepresentations caused emotional distress to Plaintiff and on information and belief, may cause damage to Plaintiff in his business and professional opportunities.

85.    Plaintiff is entitled to damages in an amount not yet determined, but including an amount commensurate with the value of the commercial use of his Likeness and other damages according to proof.

## SIXTH CLAIM FOR RELIEF

### (Negligence – Against Getty Images)

86.    Plaintiff incorporates by reference and re-alleges the allegations in paragraphs 1 through 85 as though set forth here in full.

87.    In seeking and obtaining photographs of Plaintiff, Getty Images owed a duty to Plaintiff to disclose the true intended purpose of the photographs and had further duties not to infringe his right of publicity and not to cause others to infringe that right.

88.    On information and belief, Defendant Getty Images knew that it needed consent to offer for sale or license Plaintiff's likeness for commercial purposes.

COMPLAINT
22004_11

15

89.     Defendant Getty Images breached that duty owed when it posted Plaintiff's photographs on the internet offering them for unauthorized commercial use, and further breached the duty when it licensed Plaintiff's photograph to Prudential without having obtained consent from Plaintiff.

90.     As a direct, proximate and foreseeable result of Defendant's negligence, Plaintiff has suffered emotional distress and has been injured in his business and professional opportunities as alleged herein, in amount not yet determined, but to be determined at trial.

## SEVENTH CLAIM FOR RELIEF

### (Cal. Bus. and Prof. Code § 17200 et seq. – Against All Defendants)

91.     Plaintiff incorporates by reference and re-alleges the allegations in paragraphs 1 through 90 as though set forth here in full.

92.     Defendants' previously alleged acts and practices, including but not limited to, taking Plaintiff's photograph without revealing the true intended commercial use, posting Plaintiff's photograph on the internet and  knowingly Using Plaintiff's Likeness for commercial purposes without his consent to Defendants' economic advantage constitute unfair and unlawful competition in violation of the California Unfair Competition Law, Cal. Bus. And Prof. Code §§ 17200 et seq.

93.     Plaintiff is entitled to remedies afforded by Cal. Bus. And Prof. Code § 17203.

## EIGHTH CLAIM FOR RELIEF

### (Intentional Infliction of Emotional Distress – Against All Defendants)

94.     Plaintiff incorporates by reference and re-alleges the allegations in paragraphs 1 through 93 as though set forth here in full.

95.     Defendants engaged in extreme and outrageous conduct by intentionally and recklessly obtaining Plaintiff's photograph without disclosing the true intended commercial use, posting his photographs on the internet, Using

COMPLAINT                        16
22004_11

Plaintiff's Likeness for commercial purposes without his consent, denying their conduct and making defamatory accusations against Plaintiff after Plaintiff discovered the unauthorized use of his Likeness throughout the United States, thus willfully, knowingly and recklessly causing emotional distress to Plaintiff.

96.    By the acts alleged herein, Defendants intended to cause severe emotional distress to Plaintiff.

97.    As a direct, proximate and foreseeable result of Defendants' actions and Plaintiff's learning of and observing multiple billboards and brochures containing Plaintiffs likeness located throughout the United States, and on the internet, Used without his knowledge and permission, Plaintiff has suffered severe emotional distress.

98.    The conduct and actions of Defendants has been extreme and outrageous, malicious, intentional, reckless, and without any right, entitlement, privilege or justification whatsoever.  The severe emotional distress suffered by Plaintiff was the intended and foreseeable result of Defendants' actions. Accordingly, Plaintiff is entitled to recover punitive damages.

## NINTH CLAIM FOR RELIEF

### (Negligent Infliction of Emotional Distress – Against All Defendants)

99.    Plaintiff incorporates by reference and re-alleges the allegations in paragraphs 1 through 98 as though set forth here in full.

100.    In obtaining Plaintiff's photograph (without full disclosure), posting his photographs on the internet, Using his Likeness for commercial purposes (without his consent), and responding to Plaintiff (with defamatory accusations) when he discovered the unauthorized Use of his Likeness for commercial purposes throughout the United States, Defendants had a duty to obtain Plaintiff's consent before using his likeness, to respect  Plaintiff's right of publicity, and to not engage in unauthorized conduct that foreseeable would and did cause severe emotional distress.

101.   Defendants, individually and collectively, breached the duty owed to Plaintiff and negligently engaged in acts alleged herein that foreseeably would severe emotional distress to Plaintiff.

102.   Defendants' negligent acts in fact did cause severe emotional distress to Plaintiff.

103.   As a direct and proximate result of Defendants' actions and Plaintiff's learning of and observing multiple billboards and brochures Using Plaintiffs likeness located throughout the United States and on the internet, without his knowledge and permission, Plaintiff has suffered severe emotional distress.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

1.   For damages for unauthorized Use of Plaintiff's Likeness according to proof;

2.   For reasonable compensation for the commercial value of the Use of Plaintiff's Likeness according to proof;

3.   For reasonable compensation for the value of goodwill that Plaintiff's likeness provided for Prudential.

4.   For the profits derived from use of Plaintiff's Likeness according to proof;

5.   For compensation to the extent that Defendants have been unjustly enriched according to proof;

6.   For damages for severe emotional distress according to proof;

7.   For punitive damages;

8.   For attorney fees;

///

///

COMPLAINT
22004_11

18

9.   For costs incurred in this action; and

10.  For such other and further relief as the court shall deem appropriate.

Respectfully submitted,

DISNER LAW CORPORATION

Dated: July 30, 2008.          By: *Joel N. Bennett*

Joel R. Bennett

Attorneys for Plaintiff,
Amit Bhattacharjee

COMPLAINT
22004_11

19

1

## DEMAND FOR JURY TRIAL

2   Plaintiff hereby demands trial by jury on all issues so triable.

3

4                              Respectfully submitted,

5                              DISNER LAW CORPORATION

6

7   Dated:  July 30, 2008.        By: *Joel R. Bennett*

8                                     Joel R. Bennett

9                                  Attorneys for Plaintiff,
10                                 Amit Bhattacharjee

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                          20
22004_11